Filed 6/30/25  P. v. Peters CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>TONI PETERS,<br><br>    Defendant and Appellant. | A170223<br><br>(Del Norte County<br>Super. Ct. No. CRF22-9216) |

Toni Peters appeals from a judgment and the imposition of a previously announced and suspended sentence following her violation of the terms of her probation.  Her court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We conclude there are no issues requiring further review and affirm.

## BACKGROUND

A Crescent City police officer was dispatched to the home of Peters's mother on an April evening in 2022.  Peters was lying face down and asleep on the living room floor.  The officer learned that Peters was intoxicated and had been dropped off at her mother's home.  She had a physical altercation with her mother, and had prevented a minor from leaving the home to get help.  Peters was arrested.

Peters was charged in an information with one count of elder abuse involving the willful infliction of injury in violation of Penal Code section 368 subdivision (b)(1)[1], and a single count of misdemeanor child abuse in violation of section 273a. She entered a no contest plea to each count.

Peters was sentenced to the low term of two years in state prison for the elder abuse charge with the execution of sentence suspended, and placed on probation for four years. She was sentenced to a year on the misdemeanor, also suspended. Fines and fees were set at the statutory minimum and, except for a $40 court operations fee, Peters was given the opportunity to perform community service in lieu of paying the fines. The court reserved jurisdiction over restitution.

While on probation, Peters was terminated from two residential treatment and recovery programs, and several times failed to comply with a urine testing probation condition, or tested positive for alcohol or marijuana. After a report that Peters was in the hospital in February 2023, she did not make further contact with the probation department until she was arrested in December 2023. A petition to revoke probation had been filed in July 2023.

Peters admitted the allegations of the petition to revoke parole, and the court imposed the previously suspended sentence, including the fines and fees. She timely appealed.

While Peters' appeal was pending before this court, the trial court corrected the award of pre-sentence credits, and our record was augmented with an amended abstract of judgment reflecting the correct award.

---

[1] Unless stated otherwise, all statutory references are to the California Penal Code.

## DISCUSSION

Based upon our review of the record, we have no reason to question the sufficiency of the court's advisements, Peters's waivers, or the explanation of the consequences of her pleas.  Her pleas appear to be free, knowing and voluntary.  In accordance with Peters's agreement to her violation of felony probation, the court imposed its previously executed two-year low term sentence.  Probation was properly revoked, credits were properly awarded and Peters was properly sentenced to state prison.

Peters's counsel has represented that she advised Peters of her intention to file a *Wende* brief in this case and of Peters's right to submit supplemental written argument on her own behalf.  She has not done so.  Peters has also been advised of her right to request that counsel be relieved.

There was no error.  Our full review of the record reveals no issue that requires further briefing.

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.*


WE CONCUR:


_____
Streeter, Acting P. J.


_____
Goldman, J.

_____

\* Retired Presiding Justice of the Court of Appeal of California, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3